BP3 Capital, LLC v 5120 Realty Corp.
2026 NY Slip Op 03286
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

BP3 Capital, LLC, respondent,
v
5120 Realty Corp., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2023-04352, (Index No. 516846/21)
Colleen D. Duffy, J.P.
Lara J. Genovesi
Linda Christopher
Carl J. Landicino, JJ.

Eric A. Sackstein, Port Jefferson, NY (Robert G. Steinberg and Richard J. Kaufman of counsel), for appellant.
Herrick, Feinstein LLP, New York, NY (Arthur G. Jakoby and Silvia Stockman of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant 5120 Realty Corp. appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 22, 2024. The judgment of foreclosure and sale, upon an order of the same court dated March 20, 2023, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 5120 Realty Corp. and for an order of reference and denying that defendant's cross-motion pursuant to CPLR 3025(b) for leave to amend its answer, and upon an order of the same court also dated March 20, 2023, inter alia, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 5120 Realty Corp. and for an order of reference are denied, the cross-motion of that defendant pursuant to CPLR 3025(b) for leave to amend its answer is granted, and the orders are modified accordingly.
In July 2021, the plaintiff commenced this action against the defendants 5120 Realty Corp. (hereinafter the corporation) and Wing Fung Chau, an alleged principal of the corporation, among others, to foreclose a consolidated mortgage allegedly encumbering certain real property located in Brooklyn. The plaintiff alleged, inter alia, that the corporation had defaulted in making payments due. The corporation interposed an answer with various affirmative defenses, including affirmative defenses alleging that the plaintiff was barred from obtaining the relief requested because Wing Fung Chau, the person who signed the loan documents, was not authorized to do so and that at the closing of the mortgage, the plaintiff was required to obtain consents from all shareholders of the corporation but failed to do so.
In July 2022, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the corporation and for an order of reference. The corporation opposed the motion and cross-moved pursuant to CPLR 3025(b) for leave to amend its answer to add, inter alia, various affirmative defenses and a counterclaim. In an order dated March 20, 2023, [*2]the Supreme Court granted the plaintiff's motion and denied the corporation's cross-motion. In a second order dated March 20, 2023, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Subsequently, the court issued a judgment of foreclosure and sale dated January 22, 2024. The corporation appeals.
The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see Amrusi v Second Choice, LLC, 200 AD3d 942, 943).
However, in opposition, the corporation raised a triable issue of fact as to whether Wing Fung Chau had apparent authority to enter into the loan transaction with the plaintiff on behalf of the corporation. "One who deals with an agent does so at his [or her] peril, and must make the necessary effort to discover the actual scope of authority" (Ford v Unity Hosp., 32 NY2d 464, 472; see ER Holdings, LLC v 122 W.P.R. Corp., 65 AD3d 1275, 1277). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his [or her] own acts imbue himself [or herself] with apparent authority" (Hallock v State of New York, 64 NY2d 224, 231). "'It is axiomatic that apparent authority must be based on the actions or statements of the principal'" (ER Holdings, LLC v 122 W.P.R. Corp., 65 AD3d at 1277, quoting 56 E. 87th Units Corp. v Kingsland Group, Inc., 30 AD3d 1134, 1135). "[T]he existence of apparent authority depends upon a factual showing that the third party relied upon the misrepresentations of the agent because of some misleading conduct on the part of the principal—not the agent" (Ford v Unity Hosp., 32 NY2d at 473 [internal quotation marks omitted]; see Indosuez Intl. Fin. v National Reserve Bank, 98 NY2d 238, 245-246). "A third party cannot rely on the alleged agent's own action and statements, since apparent authority cannot be based upon the agent's acts" (Emigrant Mtge. Co., Inc. v Public Adm'r of Kings County, 207 AD3d 437, 442). Furthermore, the third party "may rely on an appearance of authority only to the extent that such reliance is reasonable" (Hallock v State of New York, 64 NY2d at 231; see Indosuez Intl. Fin. v National Reserve Bank, 98 NY2d at 246).
Here, the corporation submitted, among other things, affidavits from its president and secretary/vice president, as well as a shareholder agreement dated December 15, 2017, and the corporation's bylaws, which demonstrated that Wing Fung Chau held no corporate office and did not have the authority to execute the consolidated note and mortgage on behalf of the corporation, and that the corporation had not communicated to the plaintiff, as a third party, words or conduct that gave rise to the appearance and reasonable belief that Wing Fung Chau possessed authority to execute the consolidated note and mortgage on behalf of the corporation (see ER Holdings, LLC v 122 W.P.R. Corp., 65 AD3d at 1277; Lindenbaum v Albany Post Prop. Assoc., 297 AD2d 661, 662). While the plaintiff relied on the purported bylaws it received from Wing Fung Chau that identified him as the sole shareholder of the corporation and the loan documents he signed that identified him as the president, the plaintiff produced no evidence that it took any further steps to assure itself that Wing Fung Chau had the authority to enter into the loan transaction (see 1230 Park Assoc., LLC v Northern Source, LLC, 48 AD3d 355, 356; 150 Beach 120th St., Inc. v Washington Brooklyn Ltd. Partnership, 39 AD3d 722, 723-724). Thus, the record showed only that any authority of Wing Fung Chau's arose from his own acts, by which he could not "imbue himself with apparent authority" (Hallock v State of New York, 64 NY2d at 231). "This is especially true where, as here, the [plaintiff] failed to conduct a reasonable inquiry into the scope of [Wing Fung Chau's] alleged authority" (150 Beach 120th St., Inc. v Washington Brooklyn Ltd. Partnership, 39 AD3d at 724; see Lindenbaum v Albany Post Prop. Assoc., 297 AD2d at 663).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the corporation and for an order of reference.
The Supreme Court also should have granted the corporation's cross-motion pursuant to CPLR 3025(b) for leave to amend its answer to add, inter alia, various affirmative defenses, including affirmative defenses alleging that Wing Fung Chau lacked actual and apparent authority [*3]to enter into a loan with the plaintiff on behalf of the corporation and to mortgage the property, that the corporation did not approve or agree to the loan transaction, and that the plaintiff failed to investigate the scope of Wing Fung Chau's authority to act on behalf of the corporation, as well as a counterclaim pursuant to RPAPL article 15.
"Leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit" (Cirillo v Lang, 206 AD3d 611, 612; see Caldara v County of Westchester, 197 AD3d 607, 608). "Mere lateness is not a barrier" to amendment, absent prejudice (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [internal quotation marks omitted]), which exists where the nonmoving party "has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [internal quotation marks omitted]). "The burden of establishing prejudice is on the party opposing the amendment" (id.; see Coleman v Worster, 140 AD3d 1002, 1003).
Here, the plaintiff failed to demonstrate unfair prejudice or surprise arising from the proposed amendments (see Cirillo v Lang, 206 AD3d at 612). Moreover, under the circumstances, the proposed amendments are neither palpably insufficient nor patently devoid of merit on their face (see id.).
The corporation's remaining contentions need not be reached in light of our determination.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court